UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                 **Hon. Hugh B. Scott**

                v.

                                                                   11CR168A

TIMOTHY ERNLE,                                                             **Order**

                Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 4).

The instant matter before the Court is the Defendant's omnibus motion filed by counsel when defendant was represented (Docket No. 10; see also Docket No. 15) which seeks the following relief: production of Brady materials; disclosure; discovery; severance of counts; disclosure of Federal Rules of Evidence 403, 404(b), 609 materials; disclosure of identity evidence; audibility hearing; exclusion of statements from non-testifying co-conspirators; Jencks Act materials; inspection of Government agents' personnel files; preservation of rough notes; motion to suppress statements. After defendant sought to proceed pro se, he submitted further requests for the Government to produce discovery on particular materials (Docket No. 16) and also wrote to the Court (Docket No. 17, letter of Defendant to Chambers, Mar. 8, 2012) including a copy of his letter to the Government seeking further discovery regarding the joinder of offenses against him. The Government responded to defense counsel's filed motion (Docket No. 12), but

not defendant's pro se requests since they were submitted during oral argument, and all motions were argued and submitted on March 5, 2012 (text minute entry, Mar. 5, 2012). The Government also moves for reciprocal discovery from defendant (Docket No. 12, Gov't Response at 6-7). Defendant later filed a further discovery request for the bank surveillance videotapes from the July 22, 2010, M&T robbery, or a video depicting the time and date of the robbery (Docket No. 18).

A separate Report and Recommendation will consider defendant's motion to suppress and for severance of counts. Certain relief sought by defendant will be deferred for consideration by the District Judge trying this case.

## BACKGROUND

Defendant is charged in a nine-count Indictment of bank robbery, entry of a bank with intent to commit larceny, and bank larceny, in violation of 18 U.S.C. §§ 2113(a), (d), and (b). He is charged with robbery of the Evans Savings Bank in Hamburg, New York, on July 3, 2010 (id., Counts 1, 2, 3) and July 13, 2010 (id., Counts 4, 5, 6), and an M&T Bank in Kenmore, New York, on July 22, 2010 (id., Counts 7, 8, 9). The alleged robberies will be hereinafter identified by their date or location.

*Defendant's Pro se Requests*

Defense counsel filed a conventional omnibus motion that is detailed on each form of sought relief below. After assuming responsibility for representing himself, defendant gave to this Court 33 discovery requests. He seeks surveillance video from the Kenmore robbery (Docket No. 16, Def. Discovery Request ¶ 1); cell phone and pen register materials (id. ¶¶ 2, 4-7, 3); internal security logs from the Kenmore bank (id. ¶¶ 8-9); witness information (id. ¶¶ 14-16,

2

17). He also wants to learn about the Bluetooth device found outside of the Kenmore bank (id. ¶ 10); the make and model of the dye pack used at that bank (id. ¶ 11); and the bait pack serial numbers for the July 13 and 22 robberies (id. ¶ 12). He wants various investigative reports by local and New York State police surrounding his robberies (id. ¶¶ 13, 17, 25). He seeks the confiscation order and inventory for his wife Amanda Blaze (id. ¶ 18). He seeks photographs from the July 13 robbery (id. ¶ 19); full latent fingerprint and chemical lab reports from the Federal Bureau of Investigation (id. ¶ 20) and the fingerprint report from the Hamburg and Erie County authorities (id. ¶ 21). He then asks about various seizures that occurred at a casino, including the serial numbers of the bills confiscated there (id. ¶ 22), how certain bills were identified (id. ¶ 23), and the casino's cage journals and reports (id. ¶ 24). Defendant also wants the full DNA report (id. ¶ 26); the information on the July 9 robbery (id. ¶ 27); and disclosure of the contents of a backpack found in the woods that may be involved with the July 13 robbery (id. ¶ 33). He wants to learn whether there were jailhouse informants against him (id. ¶ 28). He wants the statements and reports of his New York State parole officer (id. ¶ 29) that his former defense counsel argued defendant allegedly made incriminating statements to that defendant seeks to suppress (Docket No. 10, Def. Atty. Affirm. ¶ 34). Defendant also wants his own statements produced (Docket No. 16, Def. Discovery Request ¶ 31); his wife's 302 forms (id. ¶ 32); and records showing the chain of custody for the Hamburg and Kenmore robberies (id. ¶ 30).

Some of these requests overlap those made by defense counsel prior to defendant assuming self-representation. Where defense counsel has made a parallel motion and the Government has responded, this Order will address defendant's pro se request for similar relief.

3

As for the others to which the Government has not responded, the Government will be afforded an opportunity to brief defendant's pro se motion to produce these items, pursuant to a schedule set forth below.

**DISCUSSION**

Although defendant is now proceeding pro se, this Court will consider the motion filed by counsel[1] on his behalf prior to his change in representation presumed adopted by the defendant now representing himself.

I.   Brady

Defendant has requested that the Government disclose all materials potentially favorable to him, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 105 (1979), and their progeny (Docket No. 10, Def. Atty. Affirm. ¶¶ 56-61). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [Government's] witness," United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it acknowledged its obligations and will furnish

---

[1]Former defense counsel is now standby counsel for defendant.

impeachment Brady material (Docket No. 12, Gov't Response at 15, 17-18), either when ordered or when it produces Jencks Act materials (id. at 18).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

II. Discovery

Defendant next seeks various items of pretrial discovery both through his former counsel and representing himself. The Government contends that it has and will provide voluntary discovery (Docket No. 12, Gov't Response at 3).

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

A. Statements

Pursuant to Rule 16(a)(1)(A), defendant seeks any written or oral statements made by the defendant which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 10, Def. Atty. Affirm. ¶ 6; see also Docket No. 16, Def. Discovery Request ¶ 31).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the Grand Jury which relates to the offense charged.[2] Failure of the Government to disclose a defendant's statements to a government agent may rise to the level of constitutional due process violation, Clewis v. Texas 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendant that is within the scope of Rule 16 (Docket No. 12, Gov't Response at 4). To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is **hereby ordered** to produce all such statements made by defendant.

      B.      Inspection of Tangible Items, Books

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government. He identifies several specific categories of items which they seek to be produced, including copies of surveillance photographs (Docket No. 10, Def. Atty. Affirm. ¶¶ 10-12; see also Docket No. 16, Def. Discovery Request ¶¶ 1, 13, 20, 21). The Government's response to these specific requests is that it is seeking documents from the Bureau of Alcohol, Tobacco and Firearms as well as making available tangible items (Docket No. 12, Gov't Response at 4, 5).

---

[2] Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective government witnesses except as provided in 18 U.S.C. §3500, the Jencks Act.

As for defendant's repeated requests for the surveillance video from M&T Bank (e.g., Docket No. 18), the Government is **to produce** whatever videotape it has in its possession, in whatever condition it is in.

C.   Reports of Examinations and Tests

Pursuant to Rule 16(a)(1)(D), defendant has requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the indictment (Docket No. 10, Def. Atty. Affirm. ¶ 17). He also seeks disclosure of DNA evidence (id. ¶ 21; see also Docket No. 16, Def. Discovery Request ¶ 26). Defendant also wants notice of the evidence the Government intends to use against him in its case-in-chief (Docket No. 10, Def. Atty. Affirm. ¶¶ 18-20). The Government has responded that reports and results involved in this case have been or will be disclosed (Docket No. 12, Gov't Response at 5).

Pursuant to Rule 12(d)(2), such notice avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use. The Court assumes that the Government's production **has satisfied** the defendant's request in this regard.

D.   Expert Witness

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report (Docket No. 10, Def. Atty. Affirm. ¶ 23). The Government states that it will comply with defendant's requests for expert disclosure in advance or as directed by the Court.

This request is **granted** at the time scheduled by the District Court in its pretrial Order.

III. Federal Rules of Evidence 403, 404(b), 609

Defendant requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 10, Def. Atty. Affirm. ¶¶ 24-33). He also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a) (id. ¶¶ 27-33).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will provide all such Rule 404(b), 608, and 609 material to the defendant at the time of either when Jencks Act materials are due or as ordered by the Court (Docket No. 12, Gov't Response at 7-8). This **is sufficient** in this case.

IV. Identity Evidence

Defendant seeks notification of whether any evidence to be used to identify defendant (Docket No. 10, Def. Atty. Affirm. ¶ 40). The Government discusses an identification procedure with defendant's niece, showing her surveillance photographs from the July 3 and 13 robberies for her to identify the suspect (Docket No. 12, Gov't Response at 10). No other identification has been found to date; the Government has offered, should any identification be located, to notify defendant immediately (id.). This is **sufficient**.

V. Audibility Hearing

If the Government intends to introduce audio tapes of conversations that have yet to be produced, defendant seeks a hearing on the audibility of those tape recordings (Docket No. 10,

Def. Atty. Affirm. ¶¶ 42-43). The Government does not respond this request. If such recordings exist and, after having an opportunity to listen to any such recordings, the defendant believes an audibility hearing is warranted, such a hearing will be scheduled.

VI. Jencks Act

Defendant seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (id. ¶¶ 62-65). The Jencks Act governs the disclosure of information and statements relating to the governments witnesses. Generally, according to the Jencks Act, the government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information no later than two weeks before trial or as ordered by this Court (Docket No. 12, Gov't Response at 18). The defendant **has not established that prior disclosure of Jencks material is essential** to the preparation of a defense in this case.

VIII. Government Agents' Personnel Files

Defendant next moves for search Government agents' personnel files (Docket No. 10, Def. Atty. Affirm. ¶¶ 66-69). The Government has not responded to this request. The Government **shall produce** from agents' personnel files any <u>Brady</u> material when it discloses other <u>Brady</u> materials.

IX. Preservation of Rough Notes

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 10, Def. Atty. Affirm. ¶¶ 70-72). The Government has agreed to preserve all items of evidence (Docket No. 12, Gov't Response at 19). This **is sufficient**.

X. Defendant's Pro Se Motion

In his March 8, 2012, letter to this Court (Docket No. 17), defendant made additional requests to the Government, namely to learn the method and computer programming for determining the probabilities that the July 3, 13, and 22 robberies were unique and committed by the same person (id.; cf. Docket No. 10, Def. Atty. Affirm. ¶ 11h. (seeking disclosure of any information available to the Government or local law enforcement agents showing similar activities by persons other than the defendant)). But this request seeks information is akin to seeking a Bill of Particulars, cf. Fed. R. Cr. P. 7(f). Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the Indictment, this Court finds that defendant is **not entitled** to a" Bill of Particulars-like response" from the Government here inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

As for the remainder of defendant's pro se motion requesting various items of discovery (Docket No. 16) not addressed in this Order where defense counsel made a similar request or

10

otherwise, the Government is to respond by **May 4, 2012, or approximately 30 days from entry of this Order** and this motion will be deemed submitted (without oral argument) on **May 4, 2012**.

XI.   Government's Motion for Reciprocal Discovery

The Government cross-moves for reciprocal discovery from defendant pursuant to Rule 16(b) (Docket No. 12, Gov't Response at 6-7), without any apparent objection by defendant (either on his own or through counsel). Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendant is reminded of his or her obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 12, Gov't Response at 6-7) is **granted**.

## CONCLUSION

For the reasons stated above, defendant's omnibus motions (Docket Nos. 10, 16) seeking various forms of discovery is **granted in part, denied in part** as indicated above. The Government shall respond to so much of the remaining portion of defendant's pro se discovery motion (Docket No. 16) by **May 4, 2012,** and this motion will be deemed submitted (without oral argument) on **May 4, 2012**.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
April 5, 2012